UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES BUECHELE and <br> NANCY TADDIE <br><br> Plaintiffs, <br><br> v. <br><br> THE HARDWOOD LUMBER <br> COMPANY INC. and <br> STEPHEN M. TRUDIC, JR. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY DEMAND** <br> ) **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Charles Buechele ("Buechele") and Nancy Taddie ("Taddie") (collectively, "Plaintiffs") allege as follows for their Complaint against Defendants The Hardwood Lumber Company Inc. ("Hardwood Lumber") and Stephen M. Trudic, Jr. ("Trudic") (collectively, "Defendants").

1. Buechele worked for Defendants from approximately January 1998 until approximately June 30, 2017.

2. Taddie worked for Defendants from approximately January 2008 until approximately June 30, 2017.

3. Buechele worked for Defendants in the Mouldings Division conducting work as an Inside Salesperson, he also performed work as an Office Manager and Computer Technician.

4. Taddie worked for Defendants in the Mouldings Division conducting work as a Bookkeeper and Inside Salesperson.

5. Defendants paid Plaintiffs on an hourly basis.

6. Defendants most recently paid Buechele at a rate of $23.50 per hour.

7. Defendants most recently paid Taddie at a rate of $19.00 per hour.

8. Defendant Trudic was Plaintiffs' supervisor and an owner of Hardwood Lumber.

9. Defendants were Plaintiffs' employer.

10. Trudic acted directly or indirectly in the interest of Hardwood Lumber.

11. Trudic had operational control of Hardwood Lumber.

12. Trudic was involved in the day-to-day operation of Hardwood Lumber, had direct responsibility for the supervision of Plaintiffs, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiffs.

13. Defendants obtain some of their supplies, materials, equipment, and parts from outside of Ohio.

14. Defendants have accepted payment for services from accounts and credit card services located outside of Ohio.

15. Defendants are enterprises engaging in interstate commerce.

16. Defendants' revenues exceed $500,000 per year.

17. Plaintiffs frequently worked more than 40 hours per week for Defendants.

18. Plaintiffs frequently worked through their lunch breaks during their employment with Defendants.

19. Despite working through their lunch breaks, this time (one-half-hour per day) was deducted automatically from Plaintiffs' paychecks each pay period.

20. Plaintiffs received no compensation for work performed during their lunch breaks.

21. Defendants had actual knowledge that Plaintiffs were working through their lunch breaks.

22. Defendants observed Plaintiffs working through their lunch breaks.

23. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*.

24. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiffs for all hours worked over 40 in a workweek.

25. Defendants' conduct with regard to not paying overtime to Plaintiffs was willful.

26. Plaintiffs have been damaged by Defendants' nonpayment of overtime wages.

27. Plaintiffs are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

28. Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

29. Plaintiffs have consented in writing to become party plaintiffs in this lawsuit, and their consents are attached hereto as Exhibit 1 (for Buechele) and Exhibit 2 (for Taddie).

WHEREFORE, Plaintiffs demand judgment against Defendants for their unpaid overtime wages, liquidated damages, any other compensatory damages, prejudgment interest at the statutory rate, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*